Jason Adam Jensen
919 North Stone Ave #5305
Tucson, AZ 85705
402.598.1285
jasonajensen@gmail.com
*Pro se Plaintiff*

FILED — LODGED
RECEIVED — COPY

JUL 2 9 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Adam Jensen,**<br><br>Plaintiff,<br><br>v.<br><br>**TIMOTHY COURCHAINE,** in his official capacity as United States Attorney for the District of Arizona,<br><br>Defendant. | **Case No.:**  CV-25-00423-TUC-JGZ<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Jason Adam Jensen ("Plaintiff"), for his complaint against Defendant Timothy Courchaine, alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action seeking declaratory and injunctive relief from unconstitutional policies and practices enforced within the United States District Court for the District of Arizona. These policies systematically deny *pro se* litigants, including Plaintiff, the ability to meaningfully conduct their own cases as guaranteed by **28 U.S.C. § 1654**. These barriers violate Plaintiff's statutory rights and his constitutional rights to due process and equal protection under the Fifth

Amendment to the United States Constitution.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) as the Defendant resides in this District and the policies and practices at issue are enforced within this District.

## III. PARTIES

4. Plaintiff Jason Adam Jensen is a citizen of the United States and a resident of Tucson, Arizona, appearing pro se.

5. Defendant Timothy Courchaine is the interim United States Attorney for the District of Arizona and is sued in his official capacity. As the chief federal law enforcement officer for the District, he is responsible for ensuring that the administration of justice within the district complies with the United States Constitution.

## IV. FACTUAL ALLEGATIONS

6. The United States District Court for the District of Arizona maintains a policy, enacted through a standing general order rather than a formally adopted Local Rule, that prohibits pro se litigants from issuing subpoenas pursuant to Federal Rule of Civil Procedure 45.

7. Under this policy, a pro se litigant must file a motion and seek a court order to have a subpoena issued by the Clerk of Court, a procedural burden not imposed on attorneys, who may issue subpoenas directly.

8. This policy creates a significant impediment for pro se litigants. The required motion

process introduces a substantial delay between identifying the need for evidence and being able to serve a subpoena to secure it. This delay can be critical, as it provides an opportunity for evidence to be lost, for witnesses to become unavailable, and prevents the timely securing of records necessary for trial preparation. This effectively denies pro se litigants equal access to the discovery process.

9. The District of Arizona also maintains a policy and practice of denying pro se litigants automatic access to the Case Management/Electronic Case Files (CM/ECF) system, which is the standard and primary method for filing and receiving documents in federal court.

10. To gain access to the CM/ECF system, a pro se litigant must file a separate motion and obtain a specific court order, a requirement not imposed on attorneys admitted to practice in the District.

11. This policy forces pro se litigants to rely on slower, less efficient, and more costly methods of filing and service (such as mail or in-person delivery). This method of filing imposes significant risks that electronic filing eliminates, including the risk of lost mail, disputes over the date of service, and the lack of immediate proof that the Court has received a document.

12. Crucially, the denial of CM/ECF access deprives pro se litigants of the significant strategic and practical advantages of electronic filing. Attorneys can file documents 24 hours a day, including after normal business hours and on weekends, and receive instant, verifiable confirmation of their filing. This eliminates the uncertainty of physical delivery and provides a definitive record of when a document was filed.

13. By contrast, pro se litigants are bound by the courthouse's business hours and are left without immediate confirmation, creating delays and uncertainty that can give the opposing party a tactical advantage.

14. This case-by-case motion requirement for CM/ECF access creates an unnecessary delay

and grants the presiding judge discretion to deny a right that is fundamental to the timely and effective prosecution of a case.

15. Defendant, in his official capacity, is responsible for the defense of these court procedures and has the power to advocate for policies that ensure constitutional compliance in the administration of justice within the District.

## V. FIRST CAUSE OF ACTION

(Violation of the Due Process Clause of the Fifth Amendment)

16. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

17. The policies restricting subpoena issuance and CM/ECF access for pro se litigants create arbitrary and undue procedural burdens that deny Plaintiff a meaningful opportunity to be heard and to prosecute his legal claims.

18. The delay inherent in the subpoena-by-motion process directly obstructs a pro se litigant's ability to gather evidence in a timely manner, thereby denying them equal access to the tools of discovery and fundamentally impairing their ability to prepare for trial.

19. These policies infringe upon the fundamental right of access to the courts, a right codified by statute in 28 U.S.C. § 1654, and protected from undue burden by the Due Process Clause of the Fifth Amendment.

## VI. SECOND CAUSE OF ACTION

(Violation of the Equal Protection Principles of the Fifth Amendment)

20. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

21. The challenged policies create a classification that treats pro se litigants differently from litigants represented by counsel.

22. There is no rational basis, nor a compelling government interest, that justifies these specific, burdensome restrictions on pro se litigants, particularly the imposition of a pre-issuance judicial review for subpoenas that delays and potentially denies access to critical evidence.

23. These policies therefore constitute an arbitrary and irrational discrimination against pro se litigants, in violation of the equal protection principles embodied in the Fifth Amendment.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant the following relief:

A. A declaratory judgment that the District of Arizona's policies restricting subpoena issuance and denying automatic CM/ECF access to pro se litigants are unconstitutional;

B. A permanent injunction prohibiting the Defendant and the District of Arizona from enforcing these policies;

C. An order mandating that pro se litigants be permitted to issue subpoenas and be granted access to the CM/ECF system on the same terms as attorneys;

D. An award of reasonable costs associated with this litigation; and

E. Such other and further relief as the Court deems just and proper.

DATED: July 28, 2025

Respectfully submitted,

/s/ Jason Adam Jensen

Jason Adam Jensen

Pro se Plaintiff

Certificate Regarding Use of Artificial Intelligence

I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work, in accordance with FRCP 11 and all applicable Local Rules.

*User is solely responsible for filing this document. If a licensed attorney files this document without independent review, it constitutes a violation of the Open Artificial Intelligence Regulatory Documents Licensing Agreement and the attorney forfeits further access to this playground.*